■ DAVID BLAIR, Appellant, v ROSEN-MICHAELS, INC., Defen-

dant and Third-Party Plaintiff-Respondent-Appellant. BILL DURFEE, Doing Business as ROOFING SPECIALTIES, Third-Party Defendant-Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Ford, J.), entered April 29, 1988 in Saratoga County, which denied motions for partial summary judgment by plaintiff and defendant.

Plaintiff was injured when he fell from the roof of a partially completed structure owned by defendant. At the time of the accident, plaintiff was employed by third-party defendant, the roofing subcontractor on the project. He commenced this action against defendant, alleging common-law negligence and violation of Labor Law §§ 240 and 241; defendant commenced a third-party action against third-party defendant for indemnity or contribution in the event that judgment was rendered in favor of plaintiff. Following considerable discovery, plaintiff moved for summary judgment against defendant and defendant moved for summary judgment against third-party defendant, in each case on the issue of liability only. Third-party defendant opposed both motions by what he denominated a cross motion for summary judgment, although seeking no affirmative relief. Supreme Court denied both motions, prompting appeals by plaintiff and defendant.

The evidence submitted on plaintiff's motion showed that at the time of the accident plaintiff was applying long T-shaped strips of metal, called drip edges, to the edge of the roof of the structure. Because the roof was steep, with either a 5-in-12 or 6-in-12 pitch, plaintiff had nailed eight-foot-long two-by-fours, called cleats, to the roof surface to provide footing, as instructed by his employer. In applying the drip edge, plaintiff stood with his legs flat against the roof, standing on the cleat with his feet parallel to it and his upper body twisted at approximately a 30-degree angle from the roof. As he was nailing, he heard a sound behind him and, as he turned his head to look, he lost his balance, slid onto his back and fell off the edge of the roof. Irving Paris, a registered architect, opined in a sworn affidavit that industry practice and regulations of the Department of Labor required the use of planking nailed to brackets, so as to provide a solid, sufficiently wide, flat working surface, and not cleats when applying drip edge.

In order to prevail on a motion for summary judgment, the movant must "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * *. Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" *(Winegrad*

*v New York Univ. Med. Center,* 64 NY2d 851, 853). In our view, plaintiff has failed to meet that burden because the evidence shows that a safety device, i.e., the two-by-four cleat, was in place at the time of the accident, thereby creating factual issues as to whether the device satisfied the requirements of Labor Law § 240 (1)* and, if not, whether its deficiency proximately caused plaintiff's injuries. Accordingly, Supreme Court properly denied plaintiff's motion for summary judgment.

Except in the extreme case where no protective device is furnished *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Linney v Consistory of Bellevue Ref. Church,* 115 AD2d 209, 210), whether "proper protection" has been provided under Labor Law § 240 (1) is an issue of fact *(see, Zimmer v Chemung County Performing Arts, supra; Kalofonos v State of New York,* 104 AD2d 75, 78) precluding summary judgment. Nor does the requirement of 12 NYCRR 23-1.24 (a) (1) (i) that roofing brackets be used "whenever work is to be performed on any roof having a slope steeper than one in four inches unless crawling boards or approved safety belts are used" compel a contrary result. Labor Law § 240 is "a self-executing statute which, containing its own specific safety measures, does not defer to the rule-making authority of the [Board of Standard and Appeals]" *(Long v Forest-Fehlhaber,* 55 NY2d 154, 160). Regulatory provisions are but evidence on the issue of liability and are by no means conclusive *(see, supra; Kalofonos v State of New York, supra,* at 79; *Bland v Manocherian,* 93 AD2d 689, 693). Moreover, evidence of industry practice, as embodied in Paris' affidavit, is immaterial where injury is alleged to have been caused by a violation of Labor Law § 240 (1) *(Zimmer v Chemung County Performing Arts, supra,* at 523).

Finally, Supreme Court properly denied defendant's motion for summary judgment on its third-party cause of action. Defendant failed to establish an agreement to indemnify, and a factual issue exists as to the degree of control which defendant retained over the work site *(see, Kdidnasky v Cali Bldg. Co.,* 130 AD2d 817, 818-819). Additionally, we concur in Supreme Court's determination that the motion was premature *(see, Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 366, *appeal dismissed* 58 NY2d 824).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.

---

* Plaintiff restricted his motion and appeal to a claim of liability under Labor Law § 240.