■ Salvatore Mesuraca et al., Plaintiffs, v New York City Transit Authority, Defendant and Third-Party Plaintiff-Appellant-Respondent. Doyle-Baldante, Inc., Third-Party Defendant-Respondent-Appellant.—In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff New York City Transit Authority appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered June 29, 1988, as, upon a jury verdict finding it 60% at fault in causing the damages of the plaintiff Salvatore Mesuraca and the third-party defendant Doyle-Baldante, Inc., 40% at fault, and upon an order denying its posttrial motion for full common-law indemnification from Doyle-Baldante, Inc., is in favor of it and against Doyle-Baldante, Inc., in the principal amount of only $247,800. The third-party defendant Doyle-Baldante, Inc., cross-appeals from the same order.

Ordered that the cross appeal of Doyle-Baldante, Inc., is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the New York City Transit Authority; and it is further,

Ordered that Doyle-Baldante, Inc., is awarded one bill of costs.

The plaintiff Salvatore Mesuraca (hereinafter the plaintiff) was an employee of the third-party defendant Doyle-Baldante, Inc. (hereinafter D-B). He was injured on August 13, 1982, while working on a project renovating certain subway stations pursuant to a contract with the defendant third-party plaintiff New York City Transit Authority (hereinafter the NYCTA). The plaintiff was instructed by his D-B supervisor to level off the top of a concrete wall that had been poured into wooden forms. The plaintiff climbed to the top of the wall by ascending a ladder and then climbing on the horizontal two-by-fours that held the plywood forms in place. There was no scaffolding in use at the time and trains were operating on the track adjacent to the wall in question. The plaintiff sustained serious injuries when he fell from the wall to the track below. A NYCTA engineer was supervising the work being performed by D-B but was not present at the time the injury occurred. Factual questions were raised at trial concerning the feasibility or advisability of closing the tracks and using scaffolding at the time or whether a taller ladder would have been appropriate.

The jury found both the NYCTA and D-B to have been at

fault. The jury found that the NYCTA had breached its duty in failing to provide scaffolding and that D-B was negligent as well. The jury found the NYCTA to have been 60% at fault in the happening of the accident and D-B to have been 40% at fault. On appeal, the NYCTA asserts that, because its liability was in connection with a statutorily imposed nondelegable duty to provide proper scaffolding pursuant to Labor Law § 240, its liability was entirely passive and it is entitled to common-law indemnification from D-B.

When the liability of the third-party plaintiff is wholly vicarious, as when an employer is held liable to the prime plaintiff solely because of his employee's negligence *(see, Oceanic Steam Nav. Co. v Compania Transatlantica Espanola,* 134 NY 461, 467) or the hirer of an independent contractor is held liable solely because the duty violated by the contractor was nondelegable *(Haman v Humble Oil & Ref. Co.,* 34 NY2d 557), judgment should be granted to the third-party plaintiff *(Johnson v Artkraft Strauss Sign Corp.,* 45 AD2d 482). This was not the case here. Viewing the charge as a whole, it is clear that, by apportioning liability between the NYCTA and D-B, the jury found the NYCTA to have been negligent and 60% at fault. Inasmuch as the NYCTA was found to have breached a duty owing to the main plaintiff to provide a safe workplace for employees of the contractor, common-law indemnification was properly denied and contribution is the proper remedy *(Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559). Moreover, the evidence was legally sufficient to support a finding that the NYCTA was negligent *(cf., Francavilla v Nagar Constr. Co.,* 151 AD2d 282) and we find that the verdict insofar as challenged was not against the weight of the evidence.

We note that while D-B also filed a notice of appeal, its brief does not contain an argument for reversal. Accordingly, its cross appeal is dismissed. Kunzeman, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.