■ ERICK G. BRUST, Respondent, v ESTEE LAUDER INCORPORATED et al., Respondents. ESTEE LAUDER INCORPORATED, Third-Party Plaintiff-Respondent, v RISE STEEL ERECTION CORP., Third-Party Defendant-Appellant. E.W. HOWELL CO., INC., Second Third-Party Plaintiff-Respondent, v McLo STRUCTURAL STEEL, Second Third-Party Defendant-Respondent.— Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered May 14, 1991, which, *inter alia,* dismissed the complaint against defendant Estee Lauder, Incorporated, awarded plaintiff $500,000, plus interest, costs and disbursements, against defendants E.W. Howell Co., Inc. and E.W. Howell Co., awarded said defendants contractual indemnification for the full amount of said judgment against second third-party defendant McLo Structural Steel, and awarded said third-party defendant full common-law indemnification against third-party defendant Rise Steel Erection Corp., unanimously affirmed, with costs.

Plaintiff, an employee of third-party defendant Rise Steel Erection Corp., was injured when struck on the upper right arm by a 15-inch spud wrench that was dropped from above by a fellow employee in the course of erection of the steel skeletal frame of a warehouse facility. The jury found defendant owner Estee Lauder and the general contractor Howell defendants liable for violations of their Labor Law § 200 duty to provide a safe place to work, and also found said general contractor liable for violations of Labor Law §§ 240 and 241 (6). Third-party defendants McLo and Rise Steel were found by the jury to be also partially at fault for violations of Labor Law § 200, and the jury apportioned damages amongst the four entities found to be culpable.

The Trial Justice dismissed the Labor Law § 200 claim against defendant owner Lauder on grounds that it did not exercise supervision or control over the construction site or

the subcontractor's work and that the injury to plaintiff was attributable to the manner in which the subcontractor prosecuted the work and the subcontractor's plant. While defendant McLo was also found liable under section 200, that result too was implicitly vacated by the trial court's findings as to a similar lack of any supervision or control by McLo (see, *Olsen v Chase Manhattan Bank,* 10 AD2d 539, *affd* 9 NY2d 829; *Bidetto v New York City Hous. Auth.,* 25 NY2d 848; *Chaney v New York City Tr. Auth.,* 12 AD2d 61, *affd* 10 NY2d 871). General contractor Howell's liability was subject to contractual indemnification by McLo, which had merely fabricated the steel and delivered it to the site, since those parties' subcontract predated the 1981 amendments to General Obligations Law § 5-322.1 (see, *Brown v Two Exch. Plaza Partners,* 76 NY2d 172). Finally, the trial court found McLo entitled to common-law indemnification from the only wrongdoer, Rise Steel, with whom McLo had subcontracted to perform this steel erection work.

On appeal by third-party defendant Rise Steel alone, it is argued that the trial court's jury instruction as to defendants' liability under Labor Law § 240 was erroneous. The contention was not preserved by appropriate objection (CPLR 4110-b), and clearly does not rise to the level of fundamental error, where defendant owner was exonerated by the jury on this theory and defendant general contractor was also found liable on other theories (see, *Rivera v W. & R. Serv. Sta.,* 34 AD2d 115). In any event, Labor Law § 240 clearly applies in circumstances involving an injury caused by a gravity-related hazard (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509). The court's grant of common-law indemnification to McLo against Rise Steel was appropriate since McLo was not present at the construction site after having delivered the steel for Rise to erect pursuant to the agreement between them, and was liable for plaintiff's damages only through its indemnification agreement with Howell (see, *Mas v Two Bridges Assocs.,* 75 NY2d 680; *Mesuraca v New York City Tr. Auth.,* 166 AD2d 636). We have examined third-party defendant Rise Steel's other arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.