■ JAMES M. LIVERIO, Appellant, v CLOVER LEAF 82 ASSOCIATES et al., Respondents.—Appeal from an order of the Supreme Court (White, J.), entered December 2, 1991 in Montgomery County, which denied plaintiff's motion for partial summary judgment.

Plaintiff was injured on September 30, 1988 when, as he stepped off of a permanent catwalk onto a suspended ceiling,

his left leg went through a ceiling causing him to fall 20 feet. Plaintiff commenced this action asserting causes of action pursuant to, among other things, Labor Law § 240 (1) and then moved for partial summary judgment on the issue of defendants' absolute liability under that statute. Supreme Court denied the motion and plaintiff now appeals.

In order to prevail in an action based upon a violation of Labor Law § 240 (1), a plaintiff must prove that the statute was violated and that such violation was the proximate cause of the plaintiff's damages *(Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410; *Amedure v Standard Furniture Co.,* 125 AD2d 170, 172; *Ryan v Cenci,* 95 AD2d 963, 964). If a plaintiff meets that burden, summary judgment in his favor is appropriate on the issue of liability *(see, Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209, 210). Assuming that the catwalk in question was a device within the meaning of Labor Law § 240 *(compare, McGurk v Turner Constr. Co.,* 127 AD2d 526, 528-529, *and Kennedy v McKay,* 86 AD2d 597, 598, *with Ryan v Morse Diesel,* 98 AD2d 615), we find that plaintiff has failed to meet his burden thereby precluding an award of summary judgment in his favor.

Clearly, if no protective devices are furnished, Labor Law § 240 (1) imposes absolute liability on contractors, owners and their agents *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 522-523). The catwalk here has a seven-foot section connected at a 90-degree angle to a 15 to 25-foot section. No one disputes the existence of three railings on both sides of the longer section and the left side of the shorter section. While plaintiff contends that no railing existed on the right side of the shorter section, plaintiff's supervisor averred that a single wooden top railing was present to prevent workers from walking off of the catwalk onto the ceiling. Plaintiff's co-worker also stated that he saw plaintiff take hold of that guardrail and swing himself over it onto the ceiling resulting in his fall. Consequently, a question of fact exists as to whether proper protection was provided under the statute *(see, Blair v Rosen-Michaels Inc.,* 146 AD2d 863, 865). The fact that the railing may have been in violation of Federal regulations is not determinative, as this Court has held that a violation of a regulatory provision is not conclusive on liability but merely "evidence on the issue of liability" *(supra,* at 865). Finally, even if a violation can be found as a matter of law, the testimony by plaintiff's co-worker also raises a question of fact as to whether the violation was the proximate cause of the injuries.

Weiss, P. J., Mercure, Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.