■ Robert A. Barnaby, Respondent, et al., Plaintiff, v A. & C. Properties et al., Appellants. (And a Third-Party Action.)— Casey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered November 25, 1991 in Clinton County, which, *inter alia,* granted plaintiff Robert A. Barnaby's motion for partial summary judgment on the issue of liability.

At issue on this appeal is whether Supreme Court erred in granting the motion of plaintiff Robert A. Barnaby (hereinafter plaintiff) for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1) for injuries sustained when he fell from a stepladder at a construction site. Citing *Blair v Rosen-Michaels, Inc.* (146 AD2d 863), defendants contend that because plaintiff was provided with a

safety device, i.e., the stepladder, the question of whether "proper protection" has been afforded within the meaning of Labor Law § 240 (1) is an issue of fact. We disagree and conclude that the facts of this case are distinguishable from those in *Blair*.

Plaintiff and a co-worker were framing windows on the second floor of the building as part of a rehabilitation project. The windows were approximately 10 feet wide and six feet high, with the sill about 30 inches above the floor. The work was being done from the interior of the building, using a six-foot A-frame type wooden stepladder placed parallel to the window opening. As plaintiff was climbing the stepladder he stumbled or misstepped, and fell through the window opening to the ground some 15 to 20 feet below.

When the work entails an elevation-related risk, the worker must be provided with one or more of the protective devices listed in Labor Law § 240 (1) which must be so constructed, placed and operated as to give proper protection to the worker *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509). In contrast to the situation in *Blair v Rosen-Michaels, Inc. (supra),* the work that plaintiff herein was directed to perform entailed two separate and distinct elevation-related risks. The first risk was created by plaintiff's need to elevate himself above the floor of the interior of the building in order to frame a window opening with a maximum height of some 8½ feet above the floor. The second risk was created by the location of the window opening on the second floor, some 15 to 20 feet above the ground. The stepladder was a device required by the first of the two elevation-related risks. By no stretch of the imagination, however, can the six-foot stepladder be viewed as having been required by, or having any relation to, the elevation-related risk created by plaintiff working in a window opening some 15 to 20 feet above the ground. The risk that while framing the window plaintiff might fall through the opening to the ground below existed regardless of whether plaintiff was framing at the bottom of the opening or at the top of the opening. The failure to provide a device to protect a worker from the risk of falling through an upper story window opening on which he is working gives rise to liability under Labor Law § 240 (1) as a matter of law *(see, Terry v Young Men's Hebrew Assn.,* 168 AD2d 399, *affd* 78 NY2d 978). Although plaintiff was provided with a safety device intended to protect him from the risk inherent in having to work at a height of up to 8½ feet above the floor level, he was provided with no device to protect him from the risk inherent in

working in a window opening some 15 to 20 feet above the ground. Because no device was provided to protect plaintiff from this elevation-related risk, the order granting plaintiff's motion for summary judgment on the liability issue should be affirmed *(see, Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.