■ GEORGE A. STEVANOFF, Respondent-Appellant, v BOYS AND GIRLS CLUB OF EAST AURORA, Respondent-Appellant, and INTERNATIONAL FACTORY SERVICE, LTD., Appellant-Respondent. [595 NYS2d 155] —Order unanimously affirmed without costs. Memorandum: Plaintiff George A. Stevanoff fell from a ladder while installing a public address system at a gymnasium owned by The Boys and Girls Club of East Aurora (The Club). The court granted partial summary judgment to plaintiff on the issue of The Club's liability under Labor Law § 240 (1). Following further discovery, defendant International Factory Service, Ltd. (IFS) moved for summary judgment dismissing plaintiff's complaint and The Club's cross claim, plaintiff cross-moved for partial summary judgment against IFS on the question of IFS's liability for violating Labor Law § 240 (1), and The Club cross-moved for summary judgment on its cross claim for common-law indemnification against IFS.

Supreme Court properly denied summary judgment to all parties. There are questions of fact that preclude summary judgment on the issue whether IFS can be held liable, as a "contractor", for violating Labor Law § 240 (1). The conflicting evidence in the record raises triable issues of fact whether IFS had "the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (Russin v Picciano & Son, 54 NY2d 311, 317). Further, evidence that The Club supplied and placed the ladder from which plaintiff fell raises questions of fact whether The Club's negligence contributed to plaintiff's injury. The Club, therefore, is not entitled to summary judgment on its cross claim for common-law indemnification against IFS (see, Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 569; Mesuraca v New York City Tr. Auth., 166 AD2d 636). (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.