■ JOSEPH DENNIS et al., Respondents, v BELTRONE CONSTRUCTION COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. GENERAL DRYWALL CORPORATION, Third-Party Defendant-Respondent. [599 NYS2d 723] —Mercure, J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 20, 1992 in Albany County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability and denied defendants' cross motion for summary judgment on their third-party claim for indemnity.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Joseph Dennis (hereinafter plaintiff) when he fell from a ladder while installing sheetrock for his employer, third-party defendant, on a building project in Albany County.

Defendants, Corporate Woods Partners and Beltrone Construction Company, Inc. (the owner and general contractor on the project, respectively), appeal from an order of Supreme Court, *inter alia,* granting partial summary judgment in favor of plaintiffs on the issue of liability under Labor Law § 240 (1) and denying defendants' cross motion for partial summary judgment against third-party defendant on their claim for contractual and common-law indemnity. We affirm.

Initially, we agree with Supreme Court's determination that defendants are liable under Labor Law § 240 (1) for plaintiff's injuries as a matter of law. The uncontroverted evidence is that plaintiff was furnished with a wooden step ladder which, because of the location of the work, he was required to lean against the wall in an unopened position. The record also establishes that the ladder was not anchored to the wall and was not equipped with safety feet or any other safety device to prevent slippage, despite the fact that plaintiff was required to place the ladder in an area in which water and sheetrock dust had accumulated. At a time when plaintiff was positioned on the top step, the feet of the ladder "kicked out", causing plaintiff and the ladder to fall to the floor. Clearly, the failure to provide plaintiff with a ladder or other safety equipment so as to properly protect him from injury from elevation-related risks results in absolute liability as a matter of law *(see,* Labor Law § 240 [1]; *Fernandez v MHP Land Assocs.,* 188 AD2d 417; *Place v Grand Union Co.,* 184 AD2d 817; *see also, Urrea v Sedgwick Ave. Assocs.,* 191 AD2d 319; *Barnaby v A. & C. Props.,* 188 AD2d 958).

Defendants' reliance upon our decision in *Blair v Rosen-Michaels* (146 AD2d 863) is clearly misplaced. In *Blair,* the device utilized by the worker, a series of two-by-four cleats, did not collapse, break down or malfunction *(cf., Brown v Sagamore Hotel,* 184 AD2d 47, 51), and a legitimate factual issue existed as to whether the device provided proper protection or, if not, whether any deficiency in the device proximately caused the worker's injuries *(Blair v Rosen-Michaels, supra).* Here, the ladder's failure is manifest. We also reject the contention that Beltrone was not a general contractor and did not have any opportunity or responsibility to supervise or control the work completed by plaintiff. Corporate Woods' contracts with Beltrone and with third-party defendant and the deposition testimony of Raymond Luker, Beltrone's project manager, and Philip Oettinger, third-party defendant's supervisor, make it clear that Beltrone had overall responsibility for completion of the project, for the writing, bidding, purchas-

ing, coordinating and scheduling of all subcontracts, and for "initiating, maintaining and supervising all safety precautions and programs in connection with the [overall project]". As such, Beltrone had the authority to control and supervise the aspects of third-party defendant's work which led to plaintiff's injury *(see, Clute v Ellis Hosp.,* 184 AD2d 942, 944; *cf., Walsh v Sweet Assocs.,* 172 AD2d 111, *lv denied* 79 NY2d 755; *Nowak v Smith & Mahoney,* 110 AD2d 288).

As a final matter, even assuming third-party defendant's negligence, in view of the existence of factual issues as to defendants' own negligence, among other things, in permitting an accumulation of water and sheetrock dust in the area where plaintiff was injured, Supreme Court properly denied defendants' cross motion against third-party defendant based upon contractual *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 178-180; *Harvey v Mazal Am. Partners,* 179 AD2d 1, 11; *Edwards v International Bus. Machs. Corp.,* 174 AD2d 863) and common-law indemnity *(Stevanoff v Boys & Girls Club,* 191 AD2d 1037).

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.