■ WALTER ECKHOFF et al., Respondents-Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants-Respondents. [625 NYS2d 604] —In an action to recover damages for personal injuries, etc., (1) the defendants appeal from an order of the Supreme Court, Nassau County (Molloy, J.), entered January 30, 1991, which granted the plaintiffs' motion for leave to serve and file an amended bill of particulars, and (2) the plaintiffs appeal from a judgment of the same court (O'Shaughnessy, J.), entered April 2, 1993, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the plaintiffs' contention, the Supreme Court

properly denied their motion pursuant to CPLR 4401 for judgment as a matter of law. " 'Except in the extreme case where no protective device is furnished * * * whether "proper protection" has been provided under Labor Law § 240 (1) is an issue of fact' " *(Barbuzano v Rem Gen. Constr.,* 202 AD2d 462, citing *Blair v Rosen-Michaels, Inc.,* 146 AD2d 863, 865; *see also, Miller v Long Is. Light. Co.,* 166 AD2d 564, 565). Here, the uncontradicted evidence establishes that the defendants provided an overhead crane and platform lift for the injured plaintiffs' use. Thus, it was for the jury to determine whether this equipment provided proper protection within the meaning of Labor Law § 240 (1). In addition, whether the injured plaintiffs refused to make use of the available safety device provided by the defendants was a factual issue to be submitted to the jury *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563; *Lynch v City of New York,* 209 AD2d 590; *Styer v Vita Constr.,* 174 AD2d 662, 663).

We find that the verdict is not against the weight of the credible evidence *(see,* CPLR 4404).

Finally, in light of the foregoing, the issues raised on the defendants' appeal from the intermediate order need not be addressed. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.