OPINION OF THE COURT
 

 Smith, J.
 

 Plaintiff was injured when, on August 14, 1992, while employed at his job as a painter, he fell over the wall of an alcove and through a suspended ceiling to the floor nine feet below. We hold that under the facts presented here, Labor Law § 240 (1) was violated as a matter of law and the third-party defendant is liable for indemnification.
 

 The property, known as Sullivan Park, was owned by defendant Corning Incorporated. Corning contracted with defendant Wellco to perform certain construction work on the facility. Wellco subcontracted with third-party defendant Cook to do painting work. Plaintiff was an employee of Cook.
 

 Plaintiffs brought a personal injury action against Corning and Wellco, alleging negligence and a violation of Labor Law §§ 240, 241 and 200. Summary judgment was granted to plaintiffs against Corning and Wellco on the issue of liability, pursuant to Labor Law § 240 (1). Coming’s motion for common-law indemnity against Wellco was denied on the grounds of lack of evidence that Wellco directed or controlled the plaintiff
 
 *223
 
 painter. However, Coming’s motion for contractual indemnity against Wellco was granted. Wellco’s cross motion for contractual indemnity against Cook was denied, but its motion for common-law indemnity against Cook was granted. The Appellate Division affirmed the grant of summary judgment against Corning and Wellco, and the order of common-law indemnity against Cook. This Court granted Cook leave to appeal from the subsequent Supreme Court judgment awarding damages.
 

 On this appeal, third-party defendant Cook contends that summary judgment on liability was improperly granted to the plaintiffs and further contends that the general contractor Wellco is not entitled to indemnification against Cook in the absence of a showing of negligence and in view of the contractual indemnification agreement between the parties.
 

 We turn first to the issue of summary judgment. Plaintiff’s claim is that he fell from a ladder over the wall of an alcove and through a suspended ceiling as he attempted to paint an area of the alcove. At his deposition, he could not remember the accident. In support of the motion for partial summary judgment on the issue of liability, plaintiff included his affidavit which stated in part, "Upon information and belief, as I was reaching over the partition (alcove wall) to reach the area to be painted, I was caused to lose my balance on the ladder and fell to my left over the partition (alcove wall), through the suspended ceiling of the alcove to the floor eight feet or more below, sustaining personal injuries.”
 

 In addition to the affidavit of the plaintiff, the motion for partial summary judgment was accompanied by the affidavit of a co-worker, Daniel Risavage, Jr., and the depositions of several persons. The affidavit of Risavage indicated that he went to the scene of the accident immediately upon being told that one of his co-workers had been injured. He found the plaintiff lying on the floor, barely conscious and bleeding and the ladder still in an upright position. Heidi Lynn Heichel-Baker, an employee of Sullivan Park, testified that several minutes.before the accident, she had passed the area where plaintiff was painting. She was working in the next room when she heard a noise and went to investigate. She saw plaintiff lying on the floor and a portion of the suspended ceiling hanging down. The evidence in support of the motion for partial summary judgment was sufficient to conclude that plaintiff fell from a ladder through the suspended ceiling of the alcove.
 

 Section 240 (1) of the Labor Law provides that "All contractors and owners and their agents * * * who contract for but do
 
 *224
 
 not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
 

 Section 240 (1) of the Labor Law was designed to place the responsibility for a worker’s safety squarely upon the owner and contractor rather than on the worker
 
 (Zimmer v Chemung County Performing Arts,
 
 65 NY2d 513, 520). Section 240 (1) is to be liberally construed to achieve its objectives (65 NY2d, at 521). The record indicates that plaintiff fell as he reached from a ladder, over an elevated, open area in order to paint an area of. an alcove.
 

 Here, there were two distinct elevation-related risks associated with the paint detail that plaintiff was directed to perform
 
 (see, Barnaby v A. & C. Props.,
 
 188 AD2d 958, 959). The first risk was created by the heed to elevate plaintiff to the height above the alcove wall, and the stepladder was the enumerated safety device provided to protect the worker from the risk inherent in having to work at a height over eight feet above ground level
 
 (id.).
 
 No allegations were raised that the ladder itself was defective, that it slipped, tipped, was placed improperly or otherwise failed to support plaintiff at that elevation. Thus, contrary to Cook’s claim, we are not concerned with the adequacy of this particular ladder as a device to safely elevate plaintiff.
 

 More importantly, a second risk was created here by plaintiff’s need to reach over the eight-foot alcove wall and work over an elevated, open area. It is the contractor’s complete failure to provide any safety device to plaintiff to protect him from this second risk of falling over the alcove wall and through the suspended ceiling to the floor below that leads to liability under Labor Law § 240 (1) in this case
 
 (Zimmer v Chemung County Performing Arts,
 
 65 NY2d 513,
 
 supra; Barnaby v A. & C. Props.,
 
 188 AD2d, at 959,
 
 supra).
 

 A worker injured by a fall from an elevated worksite must also generally prove that the absence of or defect in a safety device was the proximate cause of his or her injuries
 
 (Zimmer v Chemung County Performing Arts,
 
 65 NY2d 513, 524,
 
 supra; Duda v Rouse Constr. Corp.,
 
 32 NY2d 405, 410). Thus, in
 
 Zim
 
 
 *225
 

 mer,
 
 we held that an "owner or contractor who has failed to provide any safety devices for workers at a building worksite, and the absence of such devices is the proximate cause of injury to a worker” is "absolutely liable in damages for injuries sustained by such worker” (65 NY2d, at 519). There, a worker who had scaled a 31-foot vertical column so that he could direct the erection of a partition of a steel skeleton was injured when he lost his grip and fell. This Court reversed the lower courts and held that plaintiffs motion for a directed verdict should have been granted because no safety devices against a fall had been provided. The Court concluded further that there was no view of the evidence which could lead to the conclusion that the violation of section 240 (1) was not the proximate cause of the accident.
 

 Similarly, in
 
 Gordon v Eastern Ry. Supply
 
 (82 NY2d 555) plaintiff sustained injuries when he fell from a ladder while cleaning a railroad car. This Court affirmed an order of the Appellate Division modifying the Supreme Court and granted summary judgment to plaintiff. In holding that Labor Law § 240 (1) had been violated, this Court stated that a prima facie case may be established when a plaintiff demonstrates that some risk of injury from a defendant’s conduct is foreseeable. A plaintiff "need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable” (82 NY2d, at 562).
 

 We reject the argument that there is an issue of fact as to liability. Three days after the accident plaintiff stated that he fell from a ladder as he was attempting to paint. He also made the statement to a third person. In addition, the accident was heard by the person who found him lying on the floor. Under these circumstances and because no device was provided in this case to protect plaintiff from a fall through an open, elevated area above the alcove — the precise type of injury that Labor Law § 240 (1) is designed to prevent, on this record we are satisfied that the absence of any protection was the proximate cause of plaintiff’s injuries as a matter of law. As in
 
 Gordon,
 
 there is no view of the evidence here which could lead to the conclusion that the violation of Labor Law § 240 (1) was not the proximate cause of the accident (see
 
 also, Barnaby v A. & C. Props.,
 
 188 AD2d 958,
 
 supra).
 

 Turning to the issue of indemnification, third-party defendant Cook contends that the evidence does not support the conclusion that it was negligent, that it has a contractual agreement to indemnify Wellco only if Cook is negligent, and
 
 *226
 
 that this agreement supersedes any common-law right to indemnification.
 

 In
 
 Hawthorne v South Bronx Community Corp.
 
 (78 NY2d 433), this Court rejected a contention that contractual indemnification superseded common-law indemnification. There, two insurers had insured a subcontractor, one for contractual indemnification and the other for common-law indemnification. This Court held that the insurance companies were equally responsible for indemnification. Thus, the ability of a contractor to limit its contractual obligation to indemnify does not necessarily affect its duty to provide indemnification under the common law. Here, Cook supervised and controlled the work of the injured plaintiff and under these circumstances Cook is liable for common-law indemnification
 
 (Kemp v Lakelands Precast,
 
 55 NY2d 1032;
 
 Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,
 
 35 NY2d 1, 6-7.)
 

 Accordingly, the judgment appealed from and the orders of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Levine and Ciparick concur; Judge Wesley taking no part.
 

 Judgment appealed from and orders of the Appellate Division brought up for review affirmed, with costs.