■ BUENAVENTURA PEREZ, Respondent, v SPRING CREEK ASSOCIATES, L.P., et al., Defendants and Third-Party Plaintiffs-Respondents. ACCURA CONTRACTING CORP., Third-Party Defendant-Appellant. [696 NYS2d 468] —In an action to recover damages for personal injuries, the third-party defendant Accura Contracting Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated June 5, 1998, as granted the plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1) against the defendants third-party plaintiffs, Phipps House Services Inc., Spring Creek Associates, L.P., Spring Creek Associates, II, L.P., Spring Creek Associates, Inc., and Spring Creek Apartments, and granted the defendants third-party plaintiffs' motion for summary judgment on the issue of common-law indemnification against Accura Contracting Corporation.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The injured plaintiff's employer, the third-party defendant, Accura Contracting Corporation (hereinafter Accura), was hired by the defendants third-party plaintiffs, Phipps House Services Inc., Spring Creek Associates, L.P., Spring Creek Associates, II, L.P., Spring Creek Associates, Inc., and Spring Creek Apartments (hereinafter collectively Spring Creek) to scrape and paint the interior walls and exterior surfaces of Spring Creek's buildings. The plaintiff was provided with a stepladder as well as a scraper and extension stick by Accura. The plaintiff could not safely scrape the exterior surface area using only the ladder, however, so he placed one foot on the step ladder and the other on a railing. He also kept one hand on the step ladder and held the scraper with the other for further support.

On the day of the accident, while the plaintiff was in the process of scraping the exterior surface in this manner, a tenant attempted to pass by his ladder. In his effort to move the step ladder, the plaintiff lost his balance and slipped off of the railing he was using as a scaffold and onto a dumpster 17 feet below. The plaintiff sued, alleging, *inter alia*, a violation of Labor Law §§ 200, 240, and 241. Spring Creek commenced a third-party action against Accura for contractual and common-law indemnification. The plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1) against Spring Creek, and the motion was granted. The court also granted Spring Creek's motion for summary judgment on the issue of common-law indemnification against Accura.

To prevail in an action based upon a violation of Labor Law § 240 (1), a plaintiff must prove that the statute was violated and that such violation was the proximate cause of the plaintiff's injuries (*see, Felker v Corning Inc.,* 90 NY2d 219; *Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410; *see also, Zimmer v Chemung County Performing Arts,* 65 NY2d 523, 524; *Bland v Manocherian,* 66 NY2d 452; *Keane v Sin Hang Lee,* 188 AD2d 636; *Liverio v Clover Leaf 82 Assocs.,* 186 AD2d 308, 309). In the instant action, the plaintiff was not provided with the appropriate safety equipment required under Labor Law § 240 (1) for the part of his duties which involved scraping over an elevated area. The lack of such equipment was a proximate cause of the plaintiff's injuries. Thus, the plaintiff was entitled to partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

The Supreme Court also properly determined that Spring Creek was entitled to summary judgment on the issue of common-law indemnification against Accura. It is well-settled

that "[a]n owner who is only vicariously liable under the Labor Law may obtain full indemnification from the party wholly at fault" (*Chapel v Mitchell*, 84 NY2d 345, 347; *Werner v East Meadow Union Free School Dist.*, 245 AD2d 367; *Mackey v Beacon City School Dist.*, 216 AD2d 534). Here, Spring Creek did not control or supervise the plaintiff's work or the construction procedures employed by the workers. That Spring Creek periodically inspected the work to make sure it was proceeding on schedule is insufficient to raise an issue of fact (*see, Richardson v Matarese*, 206 AD2d 354, 355).

The parties' remaining contentions are without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.