■ IVAN MEJIA, Appellant-Respondent, v AFRICAN METHODIST EPISCOPAL ALLEN CHURCH, Respondent-Appellant, and ARLEN CONTRACTING CORP., Respondent. (And a Third-Party Action.) [706 NYS2d 450] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court Queens County (Lonschein, J.), dated January 5, 1999, as denied his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and the defendant African Methodist Episcopal Allen Church cross-appeals from so much of the same order as denied that branch of its cross motion which was for partial summary judgment against the defendant Arlen Contracting Corp. for common-law indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for partial summary judgment against the defendant Arlen Contracting Corp. for common-law indemnification and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

Because the evidence establishes that the scaffold from which the plaintiff fell did not move, collapse, or otherwise fail to perform its function of supporting the plaintiff and his materials (see, Whalen v Sciame Constr. Co., 198 AD2d 501, 502; Dennis v Beltrone Constr. Co., 195 AD2d 688; Hartley v Spartan Concrete, 172 AD2d 586), the issue of whether the device provided proper protection within the meaning of Labor Law § 240 (1) is a question of fact for the jury (see, e.g., Eckhoff v

*Consolidated Edison Co.,* 214 AD2d 698; *Romano v Hotel Carlyle Owners Corp.,* 226 AD2d 441). Moreover, a plaintiff cannot prevail on a motion for summary judgment under Labor Law § 240 (1) if there is any view of the evidence which would permit a finding that the defendant's violation of that provision might not have been a proximate cause of the plaintiff's accident (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410; *Zeitner v Herbmax Sharon Assocs.,* 194 AD2d 414; *Golaszewski v Cadman Plaza N.,* 136 AD2d 596).

The defendant African Methodist Episcopal Allen Church (hereinafter the church), the owner of the property, established that it was entitled to common-law indemnification from the general contractor, Arlen Contracting Corp. (hereinafter Arlen), as the church did not supervise or control the injured plaintiff's work. Arlen and the plaintiff's employer, Caruso Masonry Corporation, a subcontractor, had complete control over the plaintiff's work and the erection of the scaffolding (*see, Gordon v Tishman Constr. Corp,* 264 AD2d 499; *Brink v Yeshiva Univ.,* 259 AD2d 265; *Rice v PCM Dev. Agency Co.,* 230 AD2d 898; *Lopez v 36-2nd J Corp.,* 211 AD2d 667; *Pazmino v Woodside Dev. Co.,* 212 AD2d 520). Goldstein, J. P., Florio, Feuerstein and Schmidt, JJ., concur.