■ LOUIS FAZZOLARI, Individually and as Administrator of the Estate of STELLA FAZZOLARI, Deceased, Respondent, v CITY OF NIAGARA FALLS et al., Respondents, and O'BRIEN-KREITZBERG & ASSOCIATES, INC., Appellant. [715 NYS2d 823] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Louis Fazzolari (plaintiff) was injured when he fell from scaffolding during the construction of a water treatment facility. Defendant City of Niagara Falls (City) contracted with defendant O'Brien-Kreitzberg & Associates, Inc. (OKA) to act as the construction manager on the project. OKA appeals from an order of Supreme Court that, *inter alia,* denied that part of its motion seeking summary judgment dismissing the City's cross claims and granted the cross motion of the City seeking summary judgment on its cross claims against OKA.

The court erred in granting that part of the cross motion of the City seeking summary judgment on its cross claim alleging that OKA breached its contractual obligation to procure liability insurance naming the City as an additional insured. We conclude that there is an issue of fact whether OKA properly procured insurance to protect the City against claims arising from OKA's construction management responsibilities only, or whether OKA was obligated to procure insurance to protect the City against all claims that may arise during the construction of the facility (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562).

The court further erred in granting that part of the cross motion of the City seeking summary judgment on its cross claim for contractual indemnification, and in denying that part of OKA's motion seeking summary judgment dismissing that cross claim. The contract between the City and OKA provides that OKA must indemnify the City for any claim or lawsuit "arising directly or indirectly out of or in consequence of this Agreement or the work or activities undertaken pursuant hereto." The contract specifically exempts OKA from any responsibility for "construction means, methods, techniques, including construction site safety, all of which shall remain the sole responsibility of the construction contractors or contractors" (*see generally, Felker v Corning Inc.,* 90 NY2d 219, 226). OKA did not supervise, direct or control the work at the project and had no responsibility for worksite safety, and plaintiff's injuries were not related to the construction management services provided by OKA under its contract with the City. Thus, the City is not entitled to contractual indemnification from OKA.

Therefore, we modify the order by denying the City's cross motion and granting that part of OKA's motion seeking summary judgment dismissing the City's cross claim for contractual indemnification. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.