■ GARY WIENER, Appellant, v JEFRY ROSMARIN, Defendant, and LAURI ROSMARIN-PLATTNER et al., Respondents. [722 NYS2d 409] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), entered February 3, 2000, as denied that branch of his motion which was for partial summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1), insofar as asserted against the defendants Lauri Rosmarin-Plattner and Karen A. Rosmarin Trust.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant made a prima facie showing of his entitlement to summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the respondents. In opposition, however, the respondents submitted evidence that the scaffold from which the appellant fell performed its function of supporting him and his

materials (*see, Whalen v Sciame Constr. Co.,* 198 AD2d 501; *Dennis v Beltrone Constr. Co.,* 195 AD2d 688). Therefore, the issue of whether the scaffold provided proper protection within the meaning of Labor Law § 240 (1) is a question of fact for a jury (*see, Mejia v African M. E. Allen Church,* 271 AD2d 583; *Eckhoff v Consolidated Edison Co.,* 214 AD2d 698). Furthermore, there is an issue of fact as to whether the conduct of the appellant or his co-worker constituted the proximate cause of the accident (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Mejia v African M. E. Allen Church, supra*). Santucci, J. P., S. Miller, Schmidt and Smith, JJ., concur.