■ KEITH WORDEN et al., Respondents-Appellants, v SOLVAY PAPERBOARD, LLC, Appellant-Respondent. [807 NYS2d 237]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered March 2, 2005. The order granted defendant's motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) causes of action and granted plaintiffs' cross motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking dam-

ages for injuries sustained by Keith Worden (plaintiff) when, on two different occasions, he was struck from behind by the hook of an overhead crane. On each occasion, he was standing on construction materials that had been loaded onto the bed of a tractor-trailer, and he was in the process of retrieving building materials for use in the ongoing erection of a building. We agree with plaintiffs that Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action. The work in which plaintiff was engaged on each occasion when he was struck by the overhead crane was "ongoing and contemporaneous with" protected construction activity (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881 [2003]). In addition, the work "exposed plaintiff to an elevation-related risk" because plaintiff was working four to five feet above the trailer bed, and "the absence of an appropriate safety device such as a ladder was a proximate cause of plaintiff's injuries" (*Scally v Regional Indus. Partnership*, 9 AD3d 865, 867 [2004]). We of course agree with the dissent that liability under Labor Law § 240 (1) should not be premised on whether plaintiff was struck by "an enumerated device under section 240 (1)." We cannot agree with the dissent, however, that there was no showing that the use of an appropriate safety device such as those enumerated in the statute would have prevented plaintiff from being struck by the crane on each occasion. Rather, we conclude that, had an appropriate safety device contemplated by the statute, e.g., a ladder, an elevated bucket, or a harness, been provided, plaintiff could have avoided having to climb onto the load on the bed of the tractor-trailer to retrieve building materials. That activity "exposed [plaintiff] to the risk of falling from one elevation level atop the flatbed truck to a lower level, namely, the ground below . . .[, and] we conclude as a matter of law that the absence of an appropriate safety device . . . was a proximate cause of plaintiff's injuries" (*Curley v Gateway Communications*, 250 AD2d 888, 890 [1998]; *see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985], *rearg denied* 65 NY2d 1054 [1985]).

We further conclude that the court properly granted that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action because none of the regulations upon which plaintiffs rely in support of that cause of action is applicable to the facts of this case (*see generally Scally*, 9 AD3d at 868).

All concur except Smith and Lawton, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Smith and Lawton, JJ. (dissenting in part). We respectfully dissent in part. On two different occasions, while retrieving building materials that had been loaded onto the bed of a tractor-trailer, Keith Worden (plaintiff) was struck by the hook of an overhead crane, causing him to fall. The unexpected movement of an overhead crane does not present the kind of elevation-related risk that falls within the ambit of Labor Law § 240 (1) (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 407-409 [2005]; *Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 579-580 [2003], *lv denied* 100 NY2d 516 [2003]; *Plump v Wyoming County*, 298 AD2d 886, 886-887 [2002]). It is immaterial whether plaintiff was struck by the crane while he was on the bed of the tractor-trailer or while he was on the ground. Moreover, although a crane is an enumerated device under section 240 (1), the determinative issue is whether the enumerated device would have prevented the injuries and not, as here, whether the enumerated device itself caused the injuries. There was no showing that the use of an enumerated device would have prevented plaintiff from being struck by the crane on each occasion. The majority's reliance upon the absence of a ladder as a basis for determining that section 240 (1) is applicable herein is not supported by the record. Consequently, we would modify the order by granting that part of defendant's motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action, thereby granting the motion in its entirety and dismissing the amended complaint, and by denying plaintiffs' cross motion for partial summary judgment on liability on that cause of action. Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.