■ FREDERICK BERG, Appellant, v ALBANY LADDER COMPANY, INC., et al., Defendants, and CAPITAL FRAMING AND CONSTRUC-

TION CORPORATION, Defendant and Third-Party Plaintiff-Respondent. STONE BRIDGE IRON & STEEL et al., Third-Party Defendants-Respondents-Appellants, and FAST TREK STEEL, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [836 NYS2d 720]—

Lahtinen, J. Cross appeals from an order of the Supreme Court (Catena, J.), entered October 13, 2005 in Schenectady County, which, inter alia, denied plaintiff's cross motion for partial summary judgment on the issue of liability.

Plaintiff was injured while helping unload steel trusses from a flatbed truck at a construction site. There were two levels of trusses on the truck. Plaintiff had climbed onto the lower level, estimated at five feet above the bed of the truck and 10 feet above the ground. The trusses were being unloaded with the assistance of a large forklift. One set of trusses rolled toward plaintiff creating a situation he described as presenting the option to "either be squashed or ride the load to the ground." He opted to ride the set of trusses to the ground, but, unfortunately, sustained personal injuries in the accident.

Plaintiff commenced this action against, among others, defendant Markan Associates, LLC (the owner of the premises) and defendant Capital Framing and Construction Corporation (the general contractor on the project), alleging common-law negligence, as well as violations of Labor Law §§ 200, 240 (1) and § 241 (6). Capital Framing commenced a third-party action against various entities, including its subcontractor, third-party defendant Stone Bridge Iron & Steel, and plaintiff's employer (a subcontractor of Stone Bridge), third-party defendant Fast Trek Steel. Stone Bridge, third-party defendant Transcontinental Insurance Company and Fast Trek eventually cross-moved for summary judgment dismissing plaintiff's complaint, the third-party complaint and the cross claims asserted against them.

Markan and Capital Framing cross-moved for, among other things, summary judgment dismissing plaintiff's complaint. Plaintiff cross-moved for partial summary judgment on the issue of liability arguing only the falling worker (and not the falling object) theory under Labor Law § 240 (1). Supreme Court granted summary judgment dismissing plaintiff's complaint, as well as the third-party complaint, all cross claims and the counterclaim asserted by Fast Trek. Plaintiff appeals and Stone Bridge and Transcontinental cross-appeal seeking alternative relief in the event we reinstate any part of plaintiff's complaint.

We consider first the Labor Law § 240 (1) claim. A threshold determination is whether the occupational hazard that caused the injury was the type "which the Legislature intended should warrant the absolute protection that the statute affords" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]). "[W]hile the hazards themselves are not spelled out in the statute, they can be inferred from the 'protective means' set forth in the statute 'for the hazards' avoidance'—scaffolding, hoists, stays, ladders and so forth" (*Toefer v Long Is. R.R.*, 4 NY3d 399, 406 [2005], quoting *Rocovich v Consolidated Edison Co.*, *supra* at 513). Although gravity-related injuries may occur at a construction site during activities such as getting down from a cab of a truck or falling off the back of a truck, these accidents come within " 'the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)' " (*Toefer v Long Is. R.R.*, *supra* at 407, quoting *Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]). Thus, in the absence of some risk-enhancing circumstance that a statutory device would address, the special statutory protection does not apply to a worker falling from the back of a truck or trailer.

Plaintiff urges that he faced an enhanced danger within the scope of the statute because he was not merely standing on the bed of the truck, but was standing on trusses resulting in a total height from the ground of about 10 feet. However, plaintiff was able to safely ascend and descend the height at which he was working on the back of the truck and had done so shortly before this accident, as well as on other occasions while doing the same job. This accident was not caused by the lack of a ladder or other device necessary to get off the truck safely, but, instead, by trusses—located on the same elevation as plaintiff—rolling toward him, when apparently improperly moved by the forklift. Plaintiff acknowledged at his deposition that there was no particular safety device that would have prevented this accident and none has been identified on appeal. The fact that the

trusses rolled toward him while he was standing on one set of trusses rather than standing on the bed of the truck does not move this case from one involving the ordinary dangers of a construction site to one involving the special risks protected by Labor Law § 240 (1).

Finally, we find no error in Supreme Court dismissing the Labor Law § 241 (6) cause of action. Labor Law § 241 (6) authorizes the Commissioner of Labor to enact safety rules that may impose nondelegable duties on owners and contractors. However, such a nondelegable duty will arise only when a rule may be said to constitute a specific command or where it sets forth concrete specifications (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505 [1993]). Rules that set forth general safety standards do not create such a duty (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]). Plaintiff relies on 12 NYCRR 23-9.2 (b) (1), which provides that "power-operated equipment . . . shall be operated only by trained, designated persons and all such equipment shall be operated in a safe manner at all times." The cited rule is no more than a restatement of common-law requirements and is insufficient to establish a nondelegable duty under Labor Law § 241 (6) (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 504).

Next, the record reflects that Markan and Capital Framing did not exercise authority or supervisory control over the work site and, accordingly, Supreme Court properly dismissed plaintiff's common-law negligence and Labor Law § 200 causes of action (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 269 [2001]). The remaining arguments are unpersuasive or academic.

Mercure and Spain, JJ., concur.

Cardona, P.J. (concurring in part and dissenting in part). While we agree with the majority's disposition of the other issues in this appeal, we respectfully disagree with its holding that the circumstances herein do not fall within the ambit of Labor Law § 240 (1). "Labor Law § 240 (1) is to be construed as liberally as may be for the accomplishment of the purpose for which it was . . . framed" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001] [internal quotation marks and citations omitted]). While the extraordinary protections of Labor Law § 240 (1) do not extend to all falls which are in some way connected to the effects of gravity, "the statute unquestionably applies to the risk of falling from an elevated work site . . . 'where the required work itself must be performed at an elevation . . . such that one of the devices enumerated in the statute

will safely allow the worker to perform the task' " (*Leshaj v Long Lake Assoc.*, 24 AD3d 928, 929 [2005], quoting *D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765 [2000], *lv denied* 95 NY2d 765 [2000]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]). Because elevation differentials are involved, "the distance between the work platform and the ground is relevant" (*Toefer v Long Is. R.R.*, 4 NY3d 399, 409 [2005]). The Court of Appeals held in *Toefer* "that workers who fall when working on, or getting down from, the surface of a flatbed truck that is between four and five feet off the ground may not recover under Labor Law § 240 (1), because their injuries did not result from the sort of 'elevation-related risk' " contemplated by Labor Law § 240 (*id.* at 405), however, we find the circumstances herein distinguishable in that plaintiff was standing on a bundle of trusses approximately five feet higher than the bed of the truck and fell an estimated 10 feet to the ground. Moreover, although the trusses were being unloaded from the truck, the nature of plaintiff's particular task—assisting the forklift operator in properly positioning the forklift prongs—required him to climb onto the first level of trusses on the truck bed, further distinguishing this case from *Toefer* (*see Worden v Solvay Paperboard, LLC*, 24 AD3d 1187, 1188 [2005]).

Additionally, although plaintiff did not identify a particular safety device that could have prevented this accident, that is not determinative and does not negate the owner's and contractor's liability under Labor Law § 240 (1) (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985]). Rather, where, as here, no safety device was provided whatsoever to protect plaintiff against a fall, "the statute's clear dictates have not been met" (*id.*). As in *Worden*, plaintiff herein could have avoided climbing onto the trusses to position the forklift prongs had an appropriate safety device been provided (*see Worden v Solvay Paperboard, LLC, supra* at 1188). Because the evidence establishes as a matter of law that, irrespective of the actions of the forklift operator, the absence of any safety device was a proximate cause of plaintiff's fall, his summary judgment motion on the issue of liability under Labor Law § 240 (1) should have been granted (*see Felker v Corning Inc.*, 90 NY2d 219, 225 [1997]; *Zimmer v Chemung County Performing Arts, supra* at 524; *Worden v Solvay Paperboard, LLC, supra* at 1188; *Tassone v Mid-Valley Oil Co.*, 291 AD2d 623, 624 [2002], *lv denied* 100 NY2d 502 [2003]; *Barnaby v A. & C. Props.*, 188 AD2d 958, 960 [1992]).

Mugglin, J., concurs. Ordered that the order is affirmed, without costs.