■ THOMAS E. ERDMAN et al., Respondents, v JOSEPH G. DELL et al., Appellants. [854 NYS2d 755]—In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 10, 2007, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is denied.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused [the] plaintiff to

sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]).

The Supreme Court incorrectly found at this point in the action that the plaintiff Thomas E. Erdman would have succeeded on his cause of action to recover damages pursuant to Labor Law § 240 (1) but for the defendants' failure to sue the general contractor before the statute of limitations expired. Issues of fact exist as to whether the scaffold from which Erdman fell provided proper protection and whether his failure to lock the wheels underneath the scaffold was the proximate cause of the accident (*see Wiener v Rosmarin,* 282 AD2d 449 [2001]; *Castronovo v Doe,* 274 AD2d 442, 443 [2000]; *Mejia v African M.E. Allen Church,* 271 AD2d 583 [2000]; *Garieri v Broadway Plaza,* 271 AD2d 569 [2000]). Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 30869(U).]