Rincon v New York City Hous. Auth. (2022 NY Slip Op 00639)





Rincon v New York City Hous. Auth.


2022 NY Slip Op 00639


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 20579/17E Appeal No. 15171 Case No. 2021-02686 

[*1]Jorge Rincon, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent, Navillus Tile Inc., Defendant.
New York City Housing Authority, Third-Party Plaintiff-Respondent,
v
STV Construction, Inc., Third-Party Defendant, Vestar, Inc., Third-Party Defendant-Respondent.


Pollack, Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Cornell Grace, P.C., New York (Jason Meneses of counsel), for New York City Housing Authority, respondent.
Camacho Mauro Mulholland, LLP, New York (Anthony J. Buono of counsel), for Vestar, Inc., respondent.



Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about February 23, 2021, which denied plaintiff's motion for summary judgment on his Labor Law §§ 240(1) and 241(6) claims, and granted defendant New York City Housing Authority's (NYCHA) cross motion for summary judgment dismissing those claims, unanimously reversed, on the law, without costs, plaintiff's motion granted as to the Labor Law § 240(1) claim and NYCHA's cross motion denied.
Plaintiff's coworker was working on the roof near the parapet wall when a wrench accidentally slipped out of his hand and fell 10 to 15 feet, striking plaintiff, who was working below on a hanging scaffold. Plaintiff is entitled to summary judgment on the Labor Law § 240(1) claim based on NYCHA's failure to provide an adequate safety device to protect him from falling objects that were required to be secured (see Pados v City of New York, 192 AD3d 596 [1st Dept 2021]; Diaz v Raveh Realty, LLC, 182 AD3d 515 [1st Dept 2020]; Brust v Estee Lauder Inc., 184 AD2d 474, 475 [1st Dept 1992]). Third-party defendant Vestar, Inc.'s expert opinion that the wrench "could not have been functionally employed if it was secured/tethered on the parapet wall" completely misses the point, since the wrench could have been tethered to the worker. Notably, the accident report prepared by third-party defendant project manager STV Construction, Inc., made the recommendation "to use tethering devices while working from heights," to prevent reoccurrence of such an accident and NYCHA's construction project manager testified at his deposition that he had no reason to disagree with that recommendation. Contrary to NYCHA's and Vestar's contention, plaintiff was not required to proffer an expert affidavit (Viruet v Purvis Holdings LLC, 198 AD3d 587, 588 [1st Dept 2021]; Ortega v City of New York, 95 AD3d 125, 128 [1st Dept 2012]).
Given the grant of partial summary judgment to plaintiff on the Labor Law § 240(1) claim, we need not address the Labor Law § 241(6) claim (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 11-12 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022