■ JACQUELYN LePORE, Respondent, v R. H. MACY & Co., Appellant.—In an action to recover damages for personal injuries, the defendant appeals from so much of (1) an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 23, 1987, as granted that branch of the plaintiff's motion which was for leave to serve an amended bill of particulars

and (2) an order of the same court, dated May 29, 1987, as granted the plaintiff's renewed motion for leave to amend the ad damnum clause of her complaint and, upon the defendant's cross motion for reargument, adhered to its prior determination granting leave to serve an amended bill of particulars.

Ordered that the appeal from the order dated February 23, 1987 is dismissed, as that portion of that order which is appealed from was superseded by the portion of the order dated May 29, 1987, made upon reargument; and it is further,

Ordered that the order dated May 29, 1987 is reversed insofar as appealed from, on the law, the portion of the order dated February 23, 1987, granting leave to serve an amended bill of particulars, is vacated, and that branch of the plaintiff's motion which was for leave to amend her bill of particulars and her renewed motion for leave to amend her ad damnum clause are denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

The litigation is grounded on the plaintiff's alleged 1982 "slip and fall" at the defendant's premises. In her 1983 bill of particulars the plaintiff claimed she could not return to work as a result of the accident and asserted that the demand for particulars concerning self-employment was "not applicable". The plaintiff did not respond to a demand concerning the total amount of claimed lost earnings. In support of her 1986 application for leave to amend her bill of particulars so as to include a claim for lost earnings, the plaintiff asserted that her condition had deteriorated to the extent that she was "advised" she would never work again, and that her projected lost earnings "could well exceed" $5,000,000. According to the proposed amended bill, the plaintiff premised that projection on a claimed 1983 attempt to open a business and on the "advice" that, had she worked full time, she would have netted $40,000 per year until age 70. To the extent that she sought to add a new claim premised on earnings lost from her alleged 1983 business venture, the plaintiff was required to make some showing of the merits of the new claim and to explain the delay in seeking to interpose it (see, Raies v Apple Annie's Rest., 115 AD2d 599). The Supreme Court therefore erred when it granted the plaintiff leave to amend her bill of particulars so as to include the new claim for lost earnings.

The Supreme Court also erred when it subsequently granted the plaintiff's renewed motion for leave to amend her ad damnum clause so as to include a prayer for damages for injuries allegedly more severe than originally perceived. The

medical affirmations submitted on her renewed motion were no more specific as to the alleged deterioration in the plaintiff's condition than the unsworn medical reports which, upon her prior motion, the Supreme Court properly determined were inadequate (see, Dolan v Garden City Union Free School Dist., 113 AD2d 781). Moreover, there was no sufficient demonstration as to the causal connection between the accident and the plaintiff's wholly new mental injuries and the plaintiff made no attempt to explain her failure to diligently make her application (cf., Dolan v Garden City Union Free School Dist., 113 AD2d 781, supra). Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.