■ MARIA YANEZ et al., Appellants, v NICASIO NOBONG et al., Respondents.—Order, Supreme Court, New York County (Burton Sherman, J.), entered August 23, 1990, which *inter alia*, denied plaintiffs' motion to increase the *ad damnum* clause in the complaint and for leave to serve a second amended bill of particulars, and order of the same court, entered on or about October 22, 1990, which granted plaintiffs leave to reargue and upon reargument, adhered to the original decision, unanimously affirmed, without costs.

Plaintiffs' explanation for their fourteen year delay in seeking to amend their *ad damnum* clauses, including the effect of inflation since the time of the 1976 accident and the fact that there was an alleged failure on the part of defendants to disclose the full extent of their insurance coverage, renders the request for an increase in the *ad damnum* clauses suspect and, as such, the IAS court denial of the *ad damnum* increase was a proper exercise of discretion. *(See generally, Briggs v New York City Tr. Auth.,* 132 AD2d 451.) Similarly, the IAS court properly denied plaintiffs leave to serve a supplemental bill of particulars where plaintiffs made no showing of the merits underlying their request to increase plaintiff Yanez's lost earnings claim from $100,000 to $500,000. *(See, e.g., LePore v Macy & Co.,* 145 AD2d 544.) Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.