■ THEODORE SULEM, II et al., Respondents, v B.T.R. EAST GREENBUSH, INC., et al., Appellants, and EARLY SUNRISE CONSTRUCTION, INC., Respondent. (And a Third-Party Action.)— Weiss, P. J. Appeal from an order and judgment of the Supreme Court (Kahn, J.), entered October 4, 1991 in Albany County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability against defendants B.T.R. East Greenbush, Inc. and Barsons Construction Company, Inc.

Defendant Barsons Construction Company, Inc. was the general contractor for the construction of a building on property owned by defendant B.T.R. East Greenbush, Inc. Defendant Early Sunrise Construction, Inc. was the subcontractor erecting steel columns and beams on the project. The columns and beams were fabricated by third-party defendant D.L. Meachem Company, Inc., Steel Fabricators (hereinafter Meachem).

The fabrication performed by Meachem was incorrect in that the iron beam seat platforms on some of the columns had been placed one inch too high. The error was discovered only after the defective columns had been installed and several columns, including the subject column, had cross-beams attached and the roof installed.

Early Sunrise was temporarily off the work site pending resolution of the problem. Engineers prepared a plan to correct the situation and Meachem was advised of the proposed solution. The plan provided in part for the utilization of a crane or a forklift to support those beams already in place while the improperly placed beam seat platforms were to be relocated. The responsibility to remedy the problems resulting from the misplaced beam seats was assumed by Meachem. Plaintiff Theodore Sulem, II (hereinafter plaintiff), a Meachem employee, was injured when he allegedly was knocked off a ladder while performing the remedial work on a support column. At the time of the accident, contrary to the plan of correction, no crane or forklift was used to support the beam.

Plaintiff (and his wife, who alleged a derivative claim)

commenced this action asserting claims pursuant to Labor Law §§ 200, 240 and 241, and in ordinary negligence, against B.T.R., Barsons and Early Sunrise. Early Sunrise has commenced a third-party action against Meachem. Early Sunrise moved for summary judgment dismissing the action and all cross claims against it. Plaintiffs moved for partial summary judgment on the issue of Labor Law § 240 liability against B.T.R. and Barsons, and for permission to amend the complaint to increase the ad damnum clause. Supreme Court granted both motions. B.T.R. and Barsons have appealed from that portion of the order and judgment which granted plaintiffs' motion and which granted that part of the Early Sunrise motion for summary judgment dismissing the common-law negligence claim.

B.T.R. and Barsons initially contend that issues of fact are present relating to the allegations of negligence on the part of Early Sunrise on two bases. First, it is argued that because Early Sunrise erected the columns with the misplaced beam seats, the beams were not true and plumb as required by contract specifications. Second, it is alleged that a rollover clip should have been in place above the specific beam which fell.[1] We hold that the negligence of Early Sunrise,[2] if any, resulting from its erection of columns with the misplaced beam seats or without rollover clips, at most, provided the occasion or condition for the occurrence, but was not one of the causes of the accident (see, *Raimon v City of Ithaca*, 157 AD2d 999, 1001-1002; see also, *Sheehan v City of New York*, 40 NY2d 496, 503). Plaintiff was faced with a known situation which was safely at rest (see, *Hallett v Akintola*, 178 AD2d 744, 745) and the methods, means and timing of addressing it involved noncompelling, independent, discretionary decisions and intervening acts (see, *Ortola v Bouvier*, 110 AD2d 1077, 1078; *Rogers v Huggins*, 106 AD2d 621, 622). The erection of the columns and beams by Early Sunrise did not cause the beam to move or plaintiff to fall. Therefore, Supreme Court correctly granted summary judgment dismissing the cause of action in negligence against Early Sunrise.

B.T.R. and Barsons next contend that plaintiffs should not have been granted summary judgment on the claim based on Labor Law § 240 because plaintiff's own conduct precludes

---

1. The record fails to suggest that a rollover clip was in the job specifications or was reasonably called for in the construction of the building.

2. The erection of beams which were not true or plumb because of misplaced beam seats, or the failure to install rollover clips, may give rise to a claim of breach of contract but do not necessarily imply negligence.

recovery. We disagree. We find lack of proof in the record that plaintiff deliberately refused to use safety equipment *(see, Koumianos v State of New York,* 141 AD2d 189, 192).

Where, as here, there is no view of the evidence to dispute or contradict a finding that the absence of safety equipment was a proximate cause of the injuries, summary judgment is appropriate *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524). Labor Law § 240 (1), entitled "Scaffolding and other devices for use of employees", requires that all contractors and owners "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed". It is undisputed that plaintiff was not properly protected by any such safety devices *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513). Plaintiff's own negligence, which may have contributed to his injuries by proceeding in an unsafe manner and without waiting for the availability of heavy equipment, is no bar to his recovery *(see, supra; see also, Koumianos v State of New York, supra,* at 192). Accordingly, partial summary judgment on the issue of Labor Law § 240 liability was properly granted in favor of plaintiffs.

The remaining contention is that Supreme Court erred in permitting plaintiffs to increase the ad damnum clause. B.T.R. and Barsons correctly observe that the application is procedurally defective in that plaintiffs failed to support the motion with a physician's affidavit specifying an aggravation, deterioration or change in plaintiff's condition *(see, Chimento v DeMatteis Org.,* 157 AD2d 702, 703; *LePore v Macy & Co.,* 145 AD2d 544, 546).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted that part of plaintiffs' motion seeking to increase the ad damnum clause; that part of plaintiffs' motion denied, without prejudice; and, as so modified, affirmed.