■ JOSE OLIVEIRA et al., Respondents, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant. [739 NYS2d 58] —Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered June 25, 2001, insofar as appealed from, in favor of plaintiff and against defendant on the issue of the latter's liability under Labor Law § 240 (1), pursuant to an order of the same court and Justice, entered May 22, 2001, which, inter alia, denied defendant's motion for summary judgment and granted plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff's cross motion was properly granted upon evidence establishing that while painting an interior stairway, he lost his balance and fell over the banister onto the steps below when he reached over the banister to paint a post, and that he was provided with no safety devices to protect against such a fall. There is no merit to defendant's argument that plaintiff, who was using the stairway as a platform from which to reach portions of the staircase that he had to paint, was not exposed to the type of elevation hazard to which section 240 (1) applies. "It is the [defendant's] complete failure to provide any safety device to plaintiff to protect him from this * * * risk of falling over the [banister] and [to the landing] below that leads to liability under Labor Law § 240 (1) in this case." (*Felker v Corning Inc.,* 90 NY2d 219, 224; *cf., Carpio v Tishman Constr. Corp.,* 240 AD2d 234). Nor are any triable issues of causation raised by the fact that it was the act of leaning over the banister that caused plaintiff to lose his balance. The need to lean over the banister in order to paint the supporting post, and the risk of injury created thereby, were foreseeable (*see, Felker v Corning Inc., id.* at 225). We have considered defendant's other arguments and find them unavailing. Concur—Saxe, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.