■ MARCIN KAMINSKI, Appellant, v CARLYLE ONE et al., Respondents. (And a Third-Party Action.) [856 NYS2d 627]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered June 21, 2007, which, to the extent appealed from as limited by the brief, upon reargument, denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6), and granted defendants' cross motion for summary judgment dismissing plaintiff's claims under section 240 (1) and section 241 (6), unanimously modified, on the law, plaintiff's motion for partial summary judgment granted as to his Labor Law § 240 (1) claim and defendants' cross motion denied as to that claim, and otherwise affirmed, without costs.

Plaintiff was injured when he attempted to realign a side panel of the sidewalk bridge he and his coworkers were constructing and the panel gave way and fell to the ground, taking him with it. Defendants' failure to provide plaintiff with any safety device to protect him against the risk of a fall created by his need to lean over the side of the bridge to nail in the side panels leads to liability under Labor Law § 240 (1) (*see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Oliveira v Dormitory Auth. of State of N.Y.*, 292 AD2d 224 [2002]; *Lightfoot v State of New York*, 245 AD2d 488 [1997]). Contrary to defendants' contention, coworkers are not a safety device contemplated by the statute.

Industrial Code (12 NYCRR) § 23-5.1 (j); §§ 23-1.15, 23-1.7 (b) and § 23-1.22 (c) (2) are not applicable to this case. Concur—Lippman, P.J., Mazzarelli, Sweeny, Moskowitz and Renwick, JJ. [*See* 2007 NY Slip Op 31773(U).]