■ CHRISTOPHER YOST, Respondent, v PETER QUARTARARO et al., Appellants. [883 NYS2d 630]—

Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 6, 2008 in Saratoga County, which, among other things, granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

In 2006, defendant Peter Quartararo hired plaintiff to, among other things, replace the roof of a motel. As part of that work, plaintiff was required to secure a tarp covering the roof, which he accomplished while standing on the second-floor balcony of the motel. When the balcony railing that plaintiff was leaning against broke, he fell approximately 10 feet to the parking lot pavement below and sustained injuries to his spine.

Plaintiff thereafter commenced this action, asserting negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue, plaintiff moved for summary judgment on his Labor Law § 240 (1) claim and defendants crossmoved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and partially granted defendants' cross motion insofar as it sought to dismiss certain

grounds for plaintiff's Labor Law § 241 (6) claim. Defendants appeal and we affirm.*

It is well settled that Labor Law § 240 (1) implicates those hazards that are "related to the effects of gravity where protective devices are called for . . . because of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *see Auchampaugh v Syracuse Univ.*, 57 AD3d 1291, 1292 [2008]). Here, we reject plaintiff's claim that liability under Labor Law § 240 (1) must be imposed because the balcony functioned as a de facto scaffold or the equivalent of a safety device. Rather, as defendants argue, plaintiff's mere use of the balcony to reach the roof is insufficient to impose liability under Labor Law § 240 (1) because a permanent appurtenance to a building does not normally constitute the functional equivalent of a scaffold or other safety device within the meaning of the statute (*see Milanese v Kellerman*, 41 AD3d 1058, 1060-1061 [2007]; *Caruana v Lexington Vil. Condominiums at Bay Shore*, 23 AD3d 509, 510 [2005]; *D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765 [2000], *lv denied* 95 NY2d 765 [2000]; *Avelino v 26 Railroad Ave.*, 252 AD2d 912, 913 [1998]; *Williams v City of Albany*, 245 AD2d 916, 917 [1997], *appeal dismissed* 91 NY2d 957 [1998]; *compare Beard v State of New York*, 25 AD3d 989, 991 [2006]; *Craft v Clark Trading Corp.*, 257 AD2d 886, 887-888 [1999]).

Nevertheless, we conclude that plaintiff demonstrated that he was exposed to "the exceptionally dangerous conditions posed by elevation differentials at work sites" which Labor Law § 240 (1) was designed to address (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491 [1995]; *see Avelino v 26 Railroad Ave.*, 252 AD2d at 913). That is, plaintiff established that "the required work itself [was] performed at an elevation, i.e., at the upper elevation differential, such that one of the devices enumerated in the statute" would have allowed plaintiff to safely secure the tarp (*D'Egidio v Frontier Ins. Co.*, 270 AD2d at 765). Specifically, the record reveals that plaintiff was required to lean against and over the balcony railing to reach the tarp, with nothing but that railing to protect him from falling into the open space beyond and to the parking lot below. Thus, while the balcony itself cannot be deemed a de facto safety device, it did, in fact, constitute

---

* Defendants' notice of appeal was expressly limited to that portion of Supreme Court's order dealing with plaintiff's Labor Law § 240 (1) and § 241 (6) claims. Therefore, their arguments regarding plaintiff's negligence and Labor Law § 200 claims are not properly before us (*see Brodeur v Hayes*, 18 AD3d 979, 981-982 [2005], *lv dismissed and denied* 5 NY3d 871 [2005]).

an elevated work site. Given that no safety device was provided to protect plaintiff from the risk of falling over or through the balcony railing, we agree with Supreme Court that plaintiff was entitled to summary judgment on his Labor Law § 240 (1) claim (*see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Kaminski v Carlyle One*, 51 AD3d 473, 474 [2008]; *Oliveira v Dormitory Auth. of State of N.Y.*, 292 AD2d 224, 224 [2002]; *Barnaby v A. & C. Props.*, 188 AD2d 958, 959-960 [1992]).

Finally, "[i]nasmuch as defendants are liable to plaintiff under Labor Law § 240 (1) for the only damages that plaintiff can recover, defendants' arguments concerning the validity of the other theories of liability contained in the complaint are academic" (*Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 201 [1996], *affd* 89 NY2d 952 [1997]; *see Squires v Marini Bldrs.*, 293 AD2d 808, 809 [2002], *lv denied* 99 NY2d 502 [2002]).

Cardona, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.