*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    520253
_____

ALAN P. SALZER et al.,

                    Appellants,

        v

BENDERSON DEVELOPMENT COMPANY,
    LLC, et al.,

                    Defendants
                    and Third-          MEMORANDUM AND ORDER
                    Party
                    Plaintiffs-
                    Respondents;

STC MECHANICAL, LLC,

                    Third-Party
                    Defendant-
                    Respondent.

_____


Calendar Date:  June 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                    _____


        Pentkowski Pastore & Freestone, Clifton Park (Michael J.
Hutter of Powers & Santola, LLP, Albany, of counsel), for
appellants.

        Wilson Elser Moskowitz Edelmen & Dicker, LLP, Albany
(Joseph T. Perkins of counsel), for defendants and third-party
plaintiffs-respondents.

        Goldberg Segalla, LLP, Albany (Matthew S. Lerner of
counsel), for third-party defendant-respondent.

                    _____

Devine, J.

Appeal from an order of the Supreme Court (Catena, J.), entered June 19, 2014 in Montgomery County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff Alan P. Salzer (hereinafter plaintiff) partially owned and acted as a field supervisor for third-party defendant, a construction firm. In November 2011, plaintiff and others employed by third-party defendant were installing rooftop heating and air conditioning units at a shopping complex owned and/or developed by defendants. Plaintiff was standing on the roof of one of the buildings in the complex, using hand signals to direct a crane operator who was maneuvering one of the units into position. Plaintiff stumbled while turning to face the crane operator and, in so doing, fell from the roof and was injured.

Plaintiff and his spouse, derivatively, commenced this action against defendants alleging violations of Labor Law §§ 200, 240 (1) and 241 (6) as well as common-law negligence. Defendants, in turn, impleaded third-party defendant seeking indemnification and contribution. Plaintiffs thereafter moved for partial summary judgment on the issue of liability under the Labor Law § 240 (1) claim. Defendants cross-moved for summary judgment dismissing the complaint or, in the alternative, summary judgment granting the relief sought in the third-party complaint. Third-party defendant also filed a cross motion, and, while third-party defendant now styles that application as one for summary judgment dismissing the complaint in its entirety, the motion papers reflect that it was one for partial summary judgment dismissing only the Labor Law § 240 (1) claim. Supreme Court granted the cross motions and dismissed the complaint. Plaintiffs now appeal, focusing solely upon the dismissal of their Labor Law §§ 240 (1) and 241 (6) claims.[1]

_____

[1] Plaintiffs do not challenge the dismissal of their Labor Law § 200 and common-law negligence claims on appeal, and we therefore deem any such arguments to have been abandoned (see Boots v Bette & Cring, LLC, 124 AD3d 1119, 1119 n 1 [2015]).

Labor Law § 240 (1) requires contractors and property owners to provide safety devices adequate to protect construction workers against elevation-related hazards, and "[t]he failure to do so results in liability for any injuries proximately caused thereby" (Silvia v Bow Tie Partners, LLC, 77 AD3d 1143, 1144 [2010]; see Jackson v Heitman Funds/191 Colonie LLC, 111 AD3d 1208, 1211 [2013]).  Plaintiff was so employed and may invoke the provisions of the statute, notwithstanding that he was a part owner of third-party defendant (see Van Buskirk v State of New York, 303 AD2d 970, 971 [2003]).  That being said, the fact that plaintiff was "injured while working above ground does not [necessarily] mean that the injury resulted from an elevation-related risk contemplated by" Labor Law § 240 (1) (Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 977 [2003]; see Auchampaugh v Syracuse Univ., 57 AD3d 1291, 1293 [2008]).  It was, accordingly, incumbent upon him to show that his injuries resulted from such a hazard (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011]).

Supreme Court determined that his injuries did not flow from an elevation-related hazard, as plaintiff was not "required to work at an elevation" and could have stayed away from the edge of the roof by directing the crane operator via cell phone (Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681 [2007]).  This determination, however, ran against the undisputed proof that plaintiff had to work somewhere on the roof in order to signal the crane operator and that hand signaling was the usual method of doing so (see Soltero v City of New York, 93 AD3d 578, 578 [2012]; cf. Ortiz v Varsity Holdings, LLC, 18 NY3d at 339-340; Broggy v Rockefeller Group, Inc., 8 NY3d at 681).  His decision to employ an accepted method of signaling while performing necessary work on the roof, even if a safer method existed, constituted nothing more than "comparative fault that is not a defense under the statute" (Williams v Town of Pittstown, 100 AD3d 1250, 1252 [2012]; see Sulem v B.T.R. E. Greenbush, 187 AD2d 816, 818 [1992]).

Third-party defendant's assertion that plaintiff was provided with appropriate safety devices is similarly unavailing.  A parapet wall surrounded the edge of the roof, but "a permanent appurtenance to a building does not normally constitute the

functional equivalent of a scaffold or other safety device within the meaning of the statute" (Yost v Quartararo, 64 AD3d 1073, 1074 [2009]).  Plaintiff can also not be faulted for failing to use an available safety harness, as he did not have a sufficient length of rope to tie it off securely (see Balzer v City of New York, 61 AD3d 796, 797-798 [2009]; Desrosiers v Barry, Bette & Led Duke, Inc., 189 AD2d 947, 948 [1993]).  Contrary to third-party defendant's further suggestion, the failure to identify another safety device that could have prevented plaintiff's fall is irrelevant in establishing liability under a Labor Law § 240 (1) claim (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 523-524 [1985]).  Thus, inasmuch as plaintiff fell because his work required him to work at a height, and "there is no view of the evidence to dispute or contradict a finding that the absence of safety equipment was a proximate cause of [plaintiff's] injuries," plaintiffs' motion for partial summary judgment should have been granted (Sulem v B.T.R. E. Greenbush, 187 AD2d at 818; see Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d at 978; Yost v Quartararo, 64 AD3d at 1074-1075; Tassone v Mid-Valley Oil Co., 291 AD2d 623, 624 [2002], lv denied 100 NY2d 502 [2003]).[2]

We need not address the parties' contentions regarding Labor Law § 241 (6), which are rendered academic in light of the grant of summary judgment upon the Labor Law § 240 (1) claim (see Yost v Quartararo, 64 AD3d at 1075; Covey v Iroquois Gas Transmission Sys., 218 AD2d 197, 201 [1996], affd 89 NY2d 952 [1997]).  As a final matter, defendants have abandoned any contentions regarding their alternative request for summary

---

[2]  Plaintiff testified that he lost his balance while he was turning to face the crane operator and fell over the wall, but did not recall exactly how the fall occurred.  The crane operator confirmed that plaintiff had fallen at the time and place he described.  Under these circumstances, an affidavit of an expert who questioned whether a simple stumble would have been sufficient to cause the fall did not raise a credibility issue that would preclude a grant of summary judgment to plaintiffs (see Hall v Conway, 241 AD2d 592, 593 [1997]; Rodriguez v Forest City Jay St. Assoc., 234 AD2d 68, 69-70 [1996]).

judgment on the third-party complaint by failing to advance them in their brief on appeal (see Huen N.Y., Inc. v Board of Educ. Clinton Cent. School Dist., 67 AD3d 1337, 1337-1338 [2009]).

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as (1) denied plaintiffs' motion for partial summary judgment, (2) granted defendant's cross motions for summary judgment dismissing the Labor Law § 240 (1) cause of action, and (3) granted third-party defendant's cross motion for partial summary judgment; cross motions denied to said extent, motion granted and summary judgment awarded to plaintiffs on the Labor Law § 240 (1) cause of action; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court