Cooper v Delliveneri (2018 NY Slip Op 07396)





Cooper v Delliveneri


2018 NY Slip Op 07396


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526328

[*1]DARIN J. COOPER, Respondent,
v
DAVID D. DELLIVENERI, Appellant.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Cabaniss Casey LLP, Albany (Brian D. Casey of counsel), for appellant.
Frost & Kavanaugh, PC, Troy (Arthur R. Frost of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered February 2, 2018 in Rensselaer County, which granted plaintiff's motion for partial summary judgment.
Plaintiff, a construction contractor, was hired to install siding at a rental property owned by defendant. During that work, plaintiff fell from a makeshift elevated platform and broke his ankle. He then commenced the present action, alleging negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability under Labor Law §§ 240 (1) and 241 (6). Supreme Court granted the motion, and defendant now appeals.
We affirm. Labor Law § 240 (1) requires that "owners and contractors engaged 'in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure,' except certain owners of one- and two-family dwellings, . . . 'furnish or erect . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person' employed in the performance of such labor" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96 [2015], quoting Labor Law § 240 [1]; see O'Brien v Port Auth. of N.Y. & N.J., 29 NY3d 27, 33 [2017]). "To establish entitlement to recovery under the statute, a plaintiff must demonstrate that a failure to provide the required protection at a construction site proximately caused the injury and that the injury sustained is the type of elevation-related hazard to which the statute applies" (Wright v Ellsworth Partners, LLC, 143 AD3d 1116, 1117-1118 [2016] [internal quotation marks, ellipsis and citations omitted]; see O'Brien v Port Auth. of N.Y. & N.J., 29 NY3d at 33; Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97).
Defendant is a property owner subject to the statute and he provided no equipment to plaintiff aside from agreeing to rent a lift for plaintiff's use. Plaintiff, at the time of his injury, was installing siding above a staircase running along the side of the building. He averred that the lift would not fit in the area, he was not provided with a traditional scaffold and he could not have used a "ladder jack" scaffold in the area due to both the equipment being in use elsewhere [*2]and the location of the staircase. Plaintiff accordingly fashioned a work platform from his A-frame ladder and a scaffolding plank known as a pick, running the pick between a rung of the ladder and the top landing of the staircase. The pick and ladder were not anchored to the ground or the wall, and plaintiff gave deposition testimony stating that he fell several feet when the contraption slid out from beneath him as he was pushing the new siding into place. An engineer retained by plaintiff opined that the unsecured makeshift platform was unsafe and that defendant violated Labor Law § 240 (1) by failing to furnish adequate safety equipment, such as a proper scaffold and a safety harness, that would have shielded plaintiff from injury. The foregoing was sufficient to "establish[] a prima facie showing of a statutory violation which was a proximate cause of plaintiff's injuries, [shifting the burden] to defendant to submit evidentiary facts which would raise a factual issue on liability" (Drew v Correct Mfg. Corp., Hughes-Keenan Div., 149 AD2d 893, 894 [1989]; see Dowling v McCloskey Community Servs. Corp., 45 AD3d 1232, 1233 [2007]; Smith v Pergament Enters. of S.I., 271 AD2d 870, 871-872 [2000]).
Defendant responded by arguing that inconsistencies in plaintiff's account over time raised a material question of fact as to how the accident occurred. First, plaintiff has offered differing estimates as to how many feet he fell, but that is "irrelevant to [the] central contention that he fell when the [pick and ladder slipped], and that he was not provided with proper protection" (DeFreitas v Penta Painting & Decorating Corp., 146 AD3d 573, 574 [2017]; see Ernish v City of New York, 2 AD3d 256, 257 [2003]). Second, plaintiff had stated, both in a conversation with defendant and in court documents, that he fell from a ladder instead of a pick perched upon a ladder [FN1]. Defendant admitted, however, that he had seen plaintiff working on the pick-and-ladder platform in the area where plaintiff was injured. Moreover, plaintiff explained that he had not told defendant and others about a pick resting on the ladder because there was not "much point in" providing that detail to people who lacked construction experience and did not know what a pick was. These variations did not suggest "that plaintiff's fall and injuries were caused by anything other than the unsecured [pick and] ladder or that plaintiff's own conduct was the sole proximate cause of the accident," and it follows that Supreme Court properly awarded plaintiff summary judgment on his Labor Law § 240 (1) claim (Smith v Pergament Enters of S.I., 271 AD2d at 872; see Morin v Machnick Bldrs., 4 AD3d 668, 670 [2004]; Place v Grand Union Co., 184 AD2d 817, 817 [1992]).
In light of defendant's liability to plaintiff under Labor Law § 240 (1), we need not address defendant's further contentions regarding the grant of summary judgment upon the Labor Law § 241 (6) claim (see Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1229 [2015]; Yost v Quartararo, 64 AD3d 1073, 1075 [2009]).
Garry, P.J., McCarthy and Egan Jr., JJ., concur.




Lynch, J. (dissenting).


I respectfully dissent. Defendant maintains that various statements made by plaintiff raise a question of fact as to how the accident actually occurred, i.e., whether he fell off a ladder or a makeshift pick and ladder platform. I certainly agree with the majority that if the fall was from the platform, a Labor Law § 240 (1) violation was established. That said, plaintiff concedes that he told defendant the day after the accident that he fell from a ladder, without further explanation. For his part, defendant averred that plaintiff advised that he had slipped on a ladder and fell about six feet. Moreover, the certified emergency room records include the following [*3]statement: "He states that he was working on a ladder possibly 6 feet up when he fell off of a ladder, landing on his left ankle." Plaintiff acknowledges that this statement was attributable to him, and he further concedes that the fact that he fell and the distance he fell were germane to his medical treatment. With these concessions, the statement from the emergency room record was admissible on the motion (see CPLR 4518 [c]; People v Ortega, 15 NY3d 610, 616-618 [2010]; Berkovits v Chaaya, 138 AD3d 1050, 1051-1052 [2016]). By comparison, in his complaint and amended complaint, plaintiff described a fall from a ladder of approximately 15 feet, after the ladder "kicked out and/or collapsed." Only in his ensuing bill of particulars and deposition testimony did plaintiff claim that he fell from the platform.
In my view, plaintiff's statements present a credibility issue as to how the accident occurred that precludes us from determining, as a matter of law, whether defendant is liable under Labor Law § 240 (1). Plaintiff's explanation for not describing the platform to the medical providers and defendant also presents a credibility question. Defendant correctly contends that a ladder is a safety device listed under Labor Law § 240 (1). Defendant further contends, and plaintiff concedes, that a fall from a ladder without more does not establish a Labor Law § 240 (1) violation (see McGill v Qudsi, 91 AD3d 1241, 1243 [2012], lv dismissed 19 NY3d 1013 [2012]; Antenucci v Three Dogs, LLC, 41 AD3d 205, 206 [2007]; Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d 853, 854 [1995]). Defendant acknowledged that he saw the platform but not on the day of the accident, leaving open the question as to how the accident occurred. As such, it is my view that Supreme Court erred in granting summary judgment with respect to Labor Law § 240 (1). The same holds true for plaintiff's claim under Labor Law § 241 (6).
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Defendant pointed to hearsay accounts of the accident in plaintiff's hospital records, but the exact story of the fall was irrelevant to his medical care and would only be admissible as a party admission (see Mosqueda v Ariston Dev. Group, 155 AD3d 504, 504 [2017]; Musaid v Mercy Hosp. of Buffalo, 249 AD2d 958, 959-960 [1998]). To the extent that one account is directly sourced to plaintiff and thereby admissible, it is not helpful to defendant, as plaintiff stated that he "was working on a ladder possibly 6 feet up when he fell."