**Cochancela v Sutton Place S. Corp.**

2024 NY Slip Op 33722(U)

October 21, 2024

Supreme Court, New York County

Docket Number: Index No. 162498/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARLENE P. BLUTH                          PART          14

*Justice*

---------------------------------------------------------------------------------X

WILSON BOLIVAR CHACHO COCHANCELA,

                        Plaintiff,

              - v -

SUTTON PLACE SOUTH CORPORATION, POLER
CONTRACTING INC.,CLARK CONSTRUCTION
CORPORATION,

                        Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162498/2019 |
| MOTION DATE | 10/09/2024 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 100, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122

were read on this motion to/for                  SUMMARY JUDGMENT        .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 101, 103, 104, 105, 106, 107, 108, 123

were read on this motion to/for                  SUMMARY JUDGMENT      .

Motion Sequence Numbers 003 and 004 are consolidated for disposition. Defendants' motion (MS003) for summary judgment dismissing the complaint is granted in part and denied in part. Plaintiff's motion (MS004) for partial summary judgment is granted in part and denied in part.

**Background**

In this Labor Law action, plaintiff contends that he was working at a construction site installing sheetrock when he fell down some stairs. Plaintiff testified that he was working as a carpenter for non-party Arqenta (*see* NYSCEF Doc. No. 95 at 21), a subcontractor to defendant Clark Construction Corporation ("Clark"), the general contractor for the construction site. He

162498/2019   CHACHO COCHANCELA, WILSON vs. SUTTON PLACE SOUTH CORPORATION          Page 1 of 9
Motion No.  003 004

1 of 9

explained that his employer was hired to do framing, plywood and sheetrock work at the subject property (*id*. at 29).

Plaintiff testified that right before his accident, he was "bringing in materials from the outside part to the basement" (*id*. at 38). Specifically, he was carrying sheetrock (*id*. at 40). Plaintiff contends that he slipped while carrying sheetrock down the stairs (*id*. at 44). He claimed that "I was carrying a piece of sheetrock. And then I felt that I was slipping with my right foot. I tried to regain balance with my left foot. But I lost balance and I fell" (*id*. at 45). At the time of his fall, plaintiff was carrying the piece of sheetrock with both of his hands (*id*. at 46).

Plaintiff then insisted that the floor was wet although he acknowledged that he had made about ten trips with pieces of sheetrock prior to his fall (*id*. at 47). He observed that "there was a young man washing—from the building washing the sidewalk and it was wet. We were four young men. They [sic] were other people going in and out. So the floor started to get wet" (*id*. at 48). When asked about claiming that he missed a step to medical providers after the accident, plaintiff insisted that he had missed a step with his left foot after his right foot slipped (*id*. at 49-50).

**Labor Law § 240(1)**

"Labor Law § 240(1), often called the 'scaffold law,' provides that all contractors and owners . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to construction workers employed on the premises" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500, 601 NYS2d 49 [1993] [internal citations omitted]). "Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved

**162498/2019   CHACHO COCHANCELA, WILSON vs. SUTTON PLACE SOUTH CORPORATION**          **Page 2 of 9**
   **Motion No.  003 004**

2 of 9

inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*id.* at 501).

"[L]iability [under Labor Law § 240(1)] is contingent on a statutory violation and proximate cause . . . violation of the statute alone is not enough" (*Blake v Neighborhood Hous. Servs. of NY City*, 1 NY3d 280, 287, 771 NYS2d 484 [2003]).

Both plaintiff and defendants seek summary judgment on this cause of action. Plaintiff contends he was not provided with adequate safety for his task and therefore, he is entitled to summary judgment on this claim.

Defendants contend both in their opposition and in support of their own motion (MS003) that Labor Law § 240(1) is inapplicable to the instant circumstances. Specifically, they claim that where a plaintiff falls on a permanently installed staircase, a 240(1) claim cannot be sustained.

Unfortunately for defendants, the caselaw they cite for the proposition that a permanent staircase cannot form the basis of a 240(1) claim is not from the First Department.[1] The First Department has found that a stairway qualifies as an elevation-related hazard for purposes of a Labor Law §240(1) claim (*Conlon v Carnegie Hall Socy., Inc.*, 159 AD3d 655, 70 NYS3d 833(Mem) [1st Dept 2018] [granting plaintiff summary judgment on his 240(1) claim where he tripped and fell down a staircase while installing sheetrock]; *Oliveira v Dormitory Auth. of State of New York*, 292 AD2d 224, 739 NYS2d 58 [1st Dept 2002] [granting summary judgment to a painter who lost his balance and fell while working on a staircase]).

---

[1] The Court observes that this issue and the apparent split between the First and Second Departments was recently discussed in the New York Law Journal (Kevin G. Faley & Andera M. Alonso, *Labor Law §240(1): What is a Permanent Staircase?*, NYLJ, September 16, 2024).

**162498/2019   CHACHO COCHANCELA, WILSON vs. SUTTON PLACE SOUTH CORPORATION**          **Page 3 of 9**
  **Motion No.  003 004**

[* 3]

Here, plaintiff had to utilize the stairway to complete his task (taking down the pieces of sheetrock) and his fall was clearly the "direct result of absence of an adequate safety device" (*Conlon*, 159 AD3d at 655). Plaintiff noted that although he did not know the precise weight of a piece of sheetrock, it is clear that each piece was heavy (*see* NYSCEF Doc. No. 95 at 43 [guessing that pieces ranged from 60 to 100 pounds]). In other words, plaintiff fell after being directed to take an unwieldy and heavy piece of equipment down stairs without any safety equipment or device. That entitles him to partial summary judgment on his Labor Law § 240(1) claim.

Defendants' claim that the staircase was a permanent staircase is of no moment (*see Conlon*, 159 AD3d at 655 ["the fact that the staircase from which plaintiff fell was a permanent structure of the building does not remove this case from the coverage of Labor Law § 240(1)"]; *see also DaSilva v Toll GC LLC,* 224 AD3d 540, 541, 205 NYS3d 363 [1st Dept 2024] [observing that a Labor Law plaintiff's fall on a permanent staircase did not foreclose a Labor Law § 240(1) claim]).

Moreover, defendants' assertion that plaintiff fell due to his own negligence is wholly unsupported and therefore does not create an issue of fact. To raise an issue of fact that plaintiff was the sole proximate cause of his own accident, defendants have to show that he had adequate safety devices provided to him and he chose not to utilize them, which resulted in the accident (*Cahill v Triborough Bridge and Tunnel Auth.*, 4 NY3d 35, 39-40, 790 NYS2d 74 [2004]). There is also nothing to suggest that plaintiff intentionally caused his own accident.

In fact, the Court observes that a video of the incident (NYSCEF Doc. No. 105) was uploaded which corroborates, for the most part, plaintiff's account of how the incident occurred. The Court stresses that it is not clear that the stairwell was wet from the video, although that is

**162498/2019   CHACHO COCHANCELA, WILSON vs. SUTTON PLACE SOUTH CORPORATION**     **Page 4 of 9**
**Motion No.  003 004**

4 of 9

[* 4]

not dispositive as it not always exceedingly obvious when a stairwell is wet. Put another way, the video does not yield a definitive conclusion about how wet the stairs were at the time of the accident but the video shows plaintiff losing his balance and falling down the stairs.  And the Court observes that at the precise moment when plaintiff began to fall (at 29 seconds of the 35 second video), plaintiff's right foot is obscured.  However, plaintiff's left foot does appear to miss a step after he loses his balance (*id*.).

Defendants' insistence that plaintiff should have asked other workers for help taking down the piece of sheetrock is not a basis to grant this branch of their motion or to deny plaintiff's motion for summary judgment on this claim.  There is no testimony that plaintiff was given a direct order to only take down pieces of sheetrock with another person and that he disregarded this protocol. In fact, plaintiff testified at his deposition that he was never told by anyone at his employer not to take down a piece of sheetrock by himself (NYSCEF Doc. No. 95 at 42).  He noted that while they "used to carry them between two people," "to get them into the basement, it was only carried by one person" (*id*.). And the Court points out that at the beginning of the video another worker is depicted carrying down a piece of sheetrock by himself.

**Labor Law §241(6)**

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

**162498/2019   CHACHO COCHANCELA, WILSON vs. SUTTON PLACE SOUTH CORPORATION**
**Motion No.  003 004**

**Page 5 of 9**

5 of 9

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are not necessary to impose vicarious liability against owners and general contractors, so long as some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

Defendants point out that plaintiff cited to Industrial Code sections 23-1.7 and 23-2.1 in his bill of particulars. In plaintiff's motion, he only cites to 23-1.7(d). Therefore, as an initial matter, the Labor Law § 241(6) claim is dismissed to the extent it relies upon 23-2.1.

12 NYCRR 23-1.7(d) provides that "Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

Here, the Court denies both defendants' motion and plaintiff's motion with respect to this Industrial Code section. Certainly, plaintiff testified that the step was wet and that caused him to slip (NYSCEF Doc. No. 95 at 47 [plaintiff's deposition tr]). But as discussed at the deposition and in related medical records, plaintiff told medical providers that he missed a step (NYSCEF Doc. No. 119 at 2 of 3 [medical record]). That is, he omitted mentioning that the step was wet. Moreover, as noted above, the video does not show, as a matter of law, that the steps were wet or even that plaintiff slipped (the piece of sheetrock obscures plaintiff's right foot when he loses his balance).

**162498/2019  CHACHO COCHANCELA, WILSON vs. SUTTON PLACE SOUTH CORPORATION**  **Page 6 of 9**
   **Motion No.  003 004**

[* 6]

6 of 9

The Court also observes that the testimony of the witness for the building (Stephen Morgan) further demonstrates that there is an issue of fact concerning whether the step was wet. Mr. Morgan confirmed that the tree wells and sidewalks in front of the building are hosed down daily but he claims that there is no accumulation of water on the sidewalk (NYSCEF Doc. No. 79 at 28-29). Accordingly, a jury must consider whether it believes plaintiff's account that workers walking on the sidewalk located right outside the entrance to the staircase tracked enough water to make the steps going down to the basement slippery. The fact finder will also have to consider the video, which shows another worker successfully walking down the steps right before plaintiff and plaintiff's testimony that he walked down the staircase repeatedly right before the accident. This Court cannot reach a conclusion on this issue on a motion for summary judgment.

To be clear, plaintiff's Labor Law § 241(6) claim based on 12 NYCRR 23-1.7(d) remains. To the extent that he relies upon other sections of 23-1.7 (the bill of particulars does not cite a specific subsection), those claims are dismissed as plaintiff only addressed subsection (d) in his papers.

**Labor Law § 200**

Labor Law § 200 "codifies landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY3d 494, 505, 601 NYS2d 49 [1993]). "[R]ecovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation . . . [A]n owner or general contractor should not be held responsible for the negligent acts of others over whom the owner or general contractor had no direction or control" (*id.* [internal quotations and citation omitted]).

**162498/2019   CHACHO COCHANCELA, WILSON vs. SUTTON PLACE SOUTH CORPORATION**          **Page 7 of 9**
Motion No.  003 004

[* 7]                                                    7 of 9

"Claims for personal injury under this statute and the common law fall under two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44, 950 NYS2d 35 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.* at 144).

The same analysis detailed above with respect to the Labor Law § 241(6) claim applies to the Labor Law § 200 claim and so the Court denies both branches of the outstanding motions. There is no definitive evidence about whether the steps were sufficiently wet to cause plaintiff to slip.

There is a clear issue of fact compelling the Court to deny the branch of defendants' motion that seeks to dismiss this claim as Mr. Morgan confirmed the nearby tree wells and sidewalk were hosed down every day. That is, there is no dispute that the sidewalk traversed by workers at the building was washed each morning. However, there is no proof, as a matter of law, about how wet the sidewalk was prior to plaintiff's accident. In any event, Mr. Morgan's confirmation about the daily hosing confirms an issue of fact about defendants' actual notice of the purportedly dangerous condition.

**Summary**

In this Labor Law case, the applicable First Department case law holds that a staircase, even a permanent one, can serve as the basis for a Labor Law § 240(1) claim and so the Court grants that portion of plaintiff's motion for partial summary judgment. Although defendants insist that plaintiff is to blame, they did not establish as a matter of law (or raise an issue of fact)

**162498/2019   CHACHO COCHANCELA, WILSON vs. SUTTON PLACE SOUTH CORPORATION**            **Page 8 of 9**
**Motion No.  003 004**

8 of 9

that plaintiff was the sole proximate cause of his accident. That plaintiff could have theoretically asked a co-worker for help taking down the sheetrock is an issue of comparative negligence, but it does not preclude a liability finding (*see Piedra v 111 W. 57th Prop. Owner LLC,* 219 AD3d 1235, 1236, 196 NYS3d 64 [1st Dept 2023] citing *Rodriguez v. City of New York*, 31 NY3d 312, 324–325, 76 NYS3d 898 [2018]).

The Court also emphasizes that there is an issue of fact regarding the stairs and whether they were wet. There is no dispute that it was not raining at the time of the accident and so the question is whether the daily hosing of the tree wells and sidewalk, which is located right outside the entrance to the stairwell to the basement, was sufficient to create a dangerous condition. The record on this motion is not overwhelming in favor of either defendants or plaintiff and so the Court denies these branches of the parties' motions. The jury will have to decide.

Accordingly, it is hereby

ORDERED that defendants' motion (MS003) for summary judgment is granted only to the extent that plaintiff's Labor Law § 241(6) claim based upon 23-2.1 is severed and dismissed and denied with respect to the remaining portions of the motion; and it is further

ORDERED that plaintiff's motion (MS004) for partial summary judgment is granted only with respect to his Labor Law § 240(1) claim as to liability and denied with respect to the remaining branches of his motion.

| 10/21/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | GRANTED IN PART | **X** OTHER |
| **APPLICATION:** | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**162498/2019   CHACHO COCHANCELA, WILSON vs. SUTTON PLACE SOUTH CORPORATION**          **Page 9 of 9**
Motion No.  003 004

[* 9]

9 of 9